NORTH CAROLINA NATIONAL BANK v. C. P. ROBINSON COMPANY, INC.
AND C. P. ROBINSON, JR.

No. 8521SC788

(Filed 1 April 1986)

**Wills § 9.1— sale of interest under will—venue**
　　Proceedings requiring a sale of defendant's interest under his father's will in order to satisfy plaintiff's judgment against him should have been transferred to Anson County pursuant to defendant's motion, and the trial court erred in denying the motion, since N.C.G.S. § 28A-3-1 requires that venue for all proceedings relating to the administration of the estate of a decedent shall be in the county where decedent was domiciled at the time of his death, and decedent in this case was domiciled in Anson County.

　　Judge WEBB dissenting.

APPEAL by defendant Robinson from *Freeman, Judge*. Order entered 28 September 1984 in Superior Court, FORSYTH County. Heard in the Court of Appeals 14 January 1986.

On 14 November 1974 judgment was entered against defendant in the Superior Court of Forsyth County for default under a promissory note. Executions against defendant were returned un-

satisfied in 1975 and in 1984. On 30 July 1984, in the District Court of Forsyth County, plaintiff secured a Temporary Restraining Order prohibiting defendant from dispossessing any interest which he might have in certain properties under the will of his father. The holographic will had been duly probated in Anson County on 22 August 1980. The present matter was transferred to Superior Court and on 24 September 1984, all motions filed by the parties were heard. Plaintiff's motions for order that debtor's property be sold pursuant to G.S. 1-362 and for preliminary injunction and order pursuant to G.S. 1-358 were allowed. All other motions were denied. In the order the trial court made findings of fact and conclusions of law that defendant "possesses a vested remainder interest under the will of his father"; that his interest includes "one-half undivided interest in . . . certain intangible assets, . . . subject to the life estate of his mother"; and that "Defendant's vested remainder interest . . . is subject to execution and Plaintiff may execute upon said interest and have the same sold at an execution sale." On 13 November 1984, pursuant to the court's order, defendant's interest under his father's will was sold at execution sale in Anson County. Plaintiff purchased the interest at the sale and the net proceeds were credited against plaintiff's judgment.

From the order of the trial court, defendant appeals.

*Hutchins, Tyndall, Doughton & Moore, by George E. Doughton, Jr. and Kent L. Hamrick, for plaintiff appellees.*

*Moore, Ragsdale, Liggett, Ray & Foley, by Jane Flowers Finch, for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the trial court erred in denying his motion to transfer the matter to Anson County for a determination of his interest under his father's will. We agree.

Plaintiff asserts that G.S. 1-307 supports the decision of the trial court. That statute provides that "[e]xecutions and other process for the enforcement of judgments can issue only from the court in which the judgment for the enforcement of the execution or other final process was rendered . . . ." Plaintiff maintains it

was only seeking to enforce its judgment on the note and thus the trial court acted properly in denying defendant's motion.

Defendant on the other hand asserts that G.S. 28A-3-1 is controlling. That statute provides that "[t]he venue for the probate of a will and for all proceedings relating to the administration of the estate of a decedent shall be: (1) If [sic] the county in this State where the decedent had his domicile at the time of his death. . . ." Defendant's father lived in Anson County at the time of his death and the will was probated there. Defendant argues that his interest under the will must be determined in Anson County before plaintiff can execute on that interest.

While we are sympathetic to plaintiff's attempts to collect the 1974 judgment on which defendant has made no payments, the better policy requires an initial determination of defendant's interest under the will in the county of probate. Once this determination has been made, plaintiff may then seek an order for execution from Forsyth County Superior Court if defendant has an interest which can be sold. To allow a party to seek construction of a will in conjunction with and pursuant to G.S. 1-307 would overly burden that procedure and open the door to possible confusion in the administration of estates. For this reason we hold that the trial court erred in denying defendant's motion to transfer the matter to Anson County. We vacate the order of the trial court and rescind all actions pursuant to that order.

Vacated.

Judge WELLS concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. I do not believe there was a construction of the will in Forsyth County in spite of the recitals in the court's order. I believe it was proper to sell whatever interest the defendant might have in his father's estate in Forsyth County. The purchaser of this interest may then bring an action in Anson County to determine what this interest may be. I vote to affirm.